IN THE UNITED STATES COURT OF FEDERAL CLAIMS
– Bid Protest –

| | |
|---|---|
| LINCOLN GROUP, LLC,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | No. 06-CV-672 |

# EXHIBIT 2

TO

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR EMERGENCY, PRELIMINARY AND PERMANENT RELIEF AND FOR EXPEDITED TREATMENT

## LINCOLN'S AGENCY BID PROTEST

Redacted version dated September 19, 2006

PALEY, ROTHMAN, GOLDSTEIN, ROSENBERG, EIG & COOPER CHARTERED

Seventh Floor
4800 Hampden Lane
Bethesda, MD 20814
Phone (301) 656-7603
Fax (301) 654-7354

PALEY ROTHMAN
GOLDSTEIN, ROSENBERG, EIG & COOPER
CHARTERED

ATTORNEYS AT LAW
4800 HAMPDEN LANE, 7TH FLOOR
BETHESDA, MARYLAND 20814-2922
PH 301-656-7603 · FX 301-654-7354

Daniel S. Koch
(301) 951-9371
DKoch@PaleyRothman.com

September 14, 2006

BY E-MAIL TO manuel.saenz@iraq.centcom.mil

Joint Contracting Command - Iraq/Afghanistan
c/o Manuel F. Saenz, Major, USAF
Contracting Officer
MNF-I JCC-I/A PARC-Forces
Camp Victory, Iraq
APO AE 09342

Re: **Agency protest of Lincoln Group, LLC, against failure to award contract for Iraqi Advisory Task Force, SolicitationW91GER-06-R-0034; SUSPENSION OF PERFORMANCE DEMANDED.**

To the Joint Contracting Command - Iraq/Afghanistan:

Lincoln Group, LLC (hereinafter "Lincoln") hereby protests the award by the Joint Contracting Command - Iraq/Afghanistan ("JCC-I/A") of the contract for the Iraqi Advisory Task Force, under SolicitationW91GER-06-R-0034 (the "Solicitation"), to SOS International, Ltd., rather than to Lincoln. Lincoln files this agency protest pursuant to FAR § 33.103.

Lincoln requests an independent review of this protest at a level above the contracting officer, by an official who has not had previous personal involvement in the procurement, p ursuant to FAR § 33.103(d)(4). Lincoln also requests suspension of performance of the contract, pending resolution of this protest, pursuant to FAR § 33.103(f).

For this best value award, Lincoln's evaluation price was approximately $168 million, almost $35 million less than that of awardee. The Government inexplicably closed its eyes to this price saving, and disqualified Lincoln based upon minor wording in the price proposal that should never have been considered in the first place, and could easily have been cured by clarifications or, at most, very brief discussions.

The Government should take the opportunity afforded by this protest to rectify this error, and award the contract to Lincoln, one of the Government's most skilled, experienced and reliable contractors in Iraq. By doing so, it will stretch its budget dollars by $35 million, with no loss in performance quality.

**Information required by FAR § 33.103(d)(2).**

The information required by FAR § 33.103(d)(2) is as follows:

(i) The name, address, fax number and telephone number of protester are:

Lincoln Group, LLC
Attn: Ed Morris, Chief Financial Officer
801 Pennsylvania Avenue, N.W., Suite 325
Washington, D.C. 20004

voice: (202)595-1330 x374
fax: (202) 595-0208
E-mail: Ed.Morris@lincolngroup.com

(ii) The solicitation number is W91GER-06-R-0034.

(iii) A detailed statement of the legal and factual grounds for the protest is set forth *infra*. Lincoln has suffered prejudice by loss of this contract award.

**Factual and legal circumstances of the protest.**

<u>The evaluation scheme.</u>

The Solicitation stated that:

> Technical Capability, Past Performance and Price will be evaluated for all offerors. Firms whose Technical Capabilities have been assessed a rating of unsatisfactory are unawardable. Amongst firms that are assessed an acceptable technical capability rating, a best value award decision award will be made which will consider Past Performance and Price as approximately equal.
>
> Technical Capabilities will be evaluated as being acceptable or unacceptable.

RFP at 22.

<u>The exclusion of Lincoln's proposal from evaluation.</u>

According to the written debriefing letter dated September 8, 2006 sent by Maj. Manuel F. Saenz, Maj, USAF (hereinafter the "Debriefing Letter"), the Government rated Lincoln technically acceptable with a "Confident" past performance rating. The Government rated awardee "High Confident" for past performance. However, awardee's price was

$202,859,036.76, whereas Lincoln's price was $168,328,628.40—almost $35 million less.

The Government, however, made the following determination: "The Government was unable to establish your overall proposal evaluation price. Therefore your price proposal was removed from further price evaluation." Debriefing Letter at 1.

The Government's stated reason for doing so was that "your price proposal applied assumptions that did not appear to be accurate and would have the effect of nullifying or at least modifying to an undetermined extent your proposed prices." *Id.* at 2. Because the Government intended to award without discussions, it determined that Lincoln's proposal could not be considered without discussions, and excluded it from consideration for award. *Id.*

By doing so, the Government departed from the evaluation scheme, and otherwise violated law and regulation, as is set forth in the grounds of protest. Additional details about the evaluation are also set forth in the separate grounds of protest.

Had the Government not committed the following violations of law and regulation, Lincoln, rather than awardee, would have been selected for this award.

First Ground of Protest: **By excluding Lincoln's proposal from evaluation, the Government <u>did not evaluate its proposal in accordance with the Solicitation.</u>**

It is axiomatic that an agency must evaluate all proposals in accordance with the evaluation criteria set forth in the Solicitation. But by removing Lincoln's price proposal from evaluation, the Government did not evaluate Lincoln's proposal in accordance with the Solicitation, in violation of law and regulation.

The Government removed Lincoln's proposal from further price evaluation because it incorrectly assumed that certain pricing language included in the proposal meant that Lincoln took exception to the terms and conditions of the Solicitation. The Government stated:

> Your proposal qualified the price proposal in the following manner (the items conditioning price are in bold [and italics added]):

"Lincoln Group takes no exception to the terms and conditions of the solicitation. his proposal has been prepared in accordance with the requirements outlined in the RFP, all supporting documentumentation accompanying the RFP, answers to questions presented and all amendments associated with the RFP. The following assumptions have been made by our team after careful analysis for pricing purposes only.

* * *

- ***Losses of GFE, which will require replacement, are anticipated to be at 25% for electronic gear (personal computers, cell phones, GPS, etc.) and 5% for all other categories.***
- Security clearance processing can be accomplished remotely by our staff and will require no travel of candidates.
- ***Our proposal is based on inclusion of an economic price adjustment for costs beyond our direct control such as airline travel tickets and fuel costs.***
- In accordance with SOW 15.10, the government will provide IQATF security as deemed appropriate by local command."

Your stated assumptions suggest that your proposed prices are not firm and fixed as required by the solicitation. You state that your proposal is based upon "Losses of GFE, which will require replacement, are anticipated to be at 25% for electronic gear (personal computers, cell phones, GPS, etc.) and 5% for all other categories." The Government has no basis as to what a reasonable rate of GFE loss would be. Your proposal seems to indicate that you would require an adjustment in contract price should your loss of GFE be greater than your assumed losses.

You also stated that "Our proposal is based on inclusion of an economic price adjustment for costs beyond our direct control such as airline travel tickets and fuel costs." This seems to indicate to the Government that should you have an event that you consider beyond your control you possess the right to request an adjustment of your proposed prices. Your assumption specifies airline tickets and fuel costs but does not limit price adjustments to just those items. FAR 16.203-3 states "A fixed-price contract with economic price adjustment shall not be used unless the contracting officer determines that it is necessary either to protect the contractor and the Government against significant fluctuations in labor or material costs or to provide for contract price adjustment in the event of changes in the contractor's established prices." In this case, the contracting officer determines that it is not warranted nor in the Government's best interest to include an economic price adjustment.

Your price proposal can not be analyzed without the removal of your stated assumptions. Therefore, your price proposal is removed from further price evaluation.

> 6) In conclusion, your price proposal applied assumptions that did not appear accurate and would have the effect of nullifying or at least modifying to an undetermined extent your proposed prices. Based upon your assumptions and despite your assertions that you take no exemptions to the terms and conditions of the solicitation, the only conclusion is that the terms and conditions of the solicitation are not all accepted by Lincoln Group. FAR 52.212-1 (b)(1 1) states that "Offers that reject the terms and conditions of the solicitation may be excluded from consideration". Additionally, FAR52.212-1(g) states that, "The Government intends to evaluate offers and award a contract without discussions with offerors." Based on paragraphs 5.c. and the rationale above, your proposal is unawardable without discussions and was excluded from consideration for award.

Debriefing Letter at 1-2.

In fact, the inclusion of pricing assumptions in Lincoln's price proposal did not mean that it was not offering a firm fixed price. In a firm fixed price proposal, all offerors make assumptions in order to develop their proposed price. Lincoln disclosed some of its assumptions simply to demonstrate to the Government that it was a responsible bidder, familiar with the realities of operating in Iraq, that had thought through all aspects of performance that could affect its price. The quoted language was surplus text that the Government should have disregarded for purposes of its price evaluation.

The Government's exclusion of Lincoln's price proposal was unwarranted, and cannot withstand the slightest scrutiny. To begin with, the conclusion that Lincoln's proposed price was somehow "qualified" directly contradicted Lincoln's statements, on pages 4 and 6 of its price proposal, that Lincoln "took no exception[s] to the terms and conditions of the solicitation."

Secondly, there could be no basis to assume that Lincoln was actually proposing an economic price adjustment, because a true economic price adjustment would require an index or reference value from which the need for an adjustment, and amount of the adjustment, would be calculated. Nowhere in Lincoln's price proposal can any mention of such an adjustment be found. Therefore, the Government's reliance upon a hypothesized economic price adjustment is nothing more than a red herring.

Similarly, the statement "This seems to indicate to the Government that should you have an event that you consider beyond your control you possess the right to request an adjustment of your proposed prices," is also a mystery. Of course, every contractor has the

right to request an equitable adjustment, for work outside of the original scope and, in some cases, for costs beyond the reasonable control of the contractor.

Finally, the instructions in the Solicitation state that "Offeror[s must] complete the Schedule of Sup plies/Services. Pricing submittals beyond the completion of the Solicitation Schedule of Supplies/Services will not be evaluated or considered by the Government." RFP at 21. Therefore, the Government's own instructions plainly prohibited consideration of the surplus text in Lincoln's price proposal.

For these reasons, the Government's exclusion of Lincoln from its price evaluation was arbitrary and unreasonable, and rendered its evaluation not in conformance with the Solicitation, law and regulation.

Second Ground of Protest: **The Government acted arbitrarily and unreasonably by neither asking Lincoln for clarification about its price proposal, nor conducting discussions, because Lincoln's proposal offered savings of almost $35 million, and would have represented best value to the Government.**

Had the Government harbored any doubt about the meaning of Lincoln's price narrative, it could have and should have sought clarifications. Alternatively, had the Government believed such a request would have constituted discussions, the discussions could have been accomplished quickly and need not have appreciably delayed the procurement.

Although an agency enjoys substantial discretion as to whether to seek clarifications or conduct discussions, that discretion is not unfettered. When an agency could with minimal effort resolve an apparent contradiction that would result in a materially superior contract, *i.e.*, here a likely savings of $35 million, the Government acts unreasonably when it does not do so. *E.g., Day & Zimmerman Servs v. United States*, 38 Fed.Cl. 591 (1997); *see also Computer Literacy World, Inc. v. Dep't of the Air Force*, GSBCA 13438-P, 96-1 B.C.A. (CCH) ¶ 28,119.

Third Ground of Protest: **The Government acted arbitrarily and unreasonably in excluding Lincoln's price proposal from evaluation, because even assuming that Lincoln's proposal contained qualifications that might have raised its price above the evaluation price, any increases would have been minimal, so that its lower-priced proposal would still have represented best value.**

Even assuming *arguendo*, contrary to the manifestly obvious fact that no economic price adjustment was proposed or intended, *see* First Ground of Protest *supra*, that Lincoln's proposal contained qualifications that might somehow have raised its price above the evaluation price, any price increases would have been minimal. In a contract for services valued at between $166 million and $202 million, any price increases based upon tangible equipment such as electronic gear or other categories, airplane tickets, fuel costs, or the like, could simply not have been material in overall perspective.

In other words, even assuming *arguendo*, contrary to the true state of affairs, that Lincoln's price might have somehow increased by a few million dollars, it would still have been more than thirty million dollars less than that of awardee, and would still have represented best value to the Government. The Government's best value determination was therefore also flawed for this reason, as well.

Fourth Ground of Protest: **The Government arbitrarily and unreasonably assigned Lincoln a Past Performance rating of "Confident," rather than "Highly Confident."**

The Debriefing Letter did not explain why the Government assigned Lincoln a Past Performance rating of "Confident," rather than "Highly Confident," but Lincoln knows of no reason why this should be so. Lincoln believes that its past performance has been exemplary, and that nothing in its record would have justified less than the highest possible rating for this evaluation factor.

Lincoln attempted to secure additional debriefing information about its rating for this evaluation factor, but was unsuccessful. Based upon the limited information available to Lincoln, Lincoln believes that this rating was arbitrary and unreasonable, and therefore also stood in violation of law and regulation.

Had Lincoln been rated "Highly Confident" for Past Performance, Lincoln's proposal would have assuredly been seen to represent best value, in combination with its much lower price.

**Additional information required by FAR § 33.103(d)(2)**

Items (iv) through (viii) of the information required by FAR § 33.103(d)(2) are as follows:

(iv) The agency is already in possession of all relevant documents. No additional documents are being submitted with this protest.

(v) Lincoln specifically requests that JCC-I/A render a written decision ruling on the merits of this protest.

(vi) Based upon the factual background, allegations, and legal arguments presented in this protest, Lincoln asks that JCC-I/A afford it the following relief:

A. Refrain from awarding any contract to SOS International, Ltd., under the Solicitation, or if already awarded, suspend performance of the contract, pursuant to FAR § 33.103(f), during the pendency of this protest;

B. Assign this protest for independent review at a level above the contracting officer, by an official who has not had previous personal involvement in the procurement, pursuant to FAR § 33.103(d)(4).

C. Reinstate Lincoln's price proposal, complete the price evaluation of Lincoln's price and technical proposals fully in accordance with the method of calculation and all other terms of the Solicitation, and perform a new best value determination;

D. Terminate for convenience any contract already awarded to SOS International, Ltd., and award the contract to Lincoln;

E. Reimburse Lincoln its reasonable costs of this protest, including its reasonable attorneys' fees; and

F. Take such other corrective actions as it deems necessary.

(vii) Lincoln is an interested party for the purpose of filing this protest, because it submitted an initial proposal, but was not selected for award.

(viii) This protest is timely for all purposes, including suspension, pursuant to FAR § 33.103(e), (f), because it is filed within five (5) days after Lincoln first learned of the basis for its protest. Lincoln first learned the basis for this protest when it received its written debriefing from the Contracting Officer, by letter dated September 8, 2006, received by Lincoln by E-mail on September 9, 2006.

Please do not hesitate to contact the undersigned should you wish any additional information relating to this protest. Thank you in advance for your attention to this protest.

Very truly yours,

Daniel S Koch

Daniel S. Koch
Counsel to Lincoln Group, LLC

## CERTIFICATE OF SERVICE

I hereby certify that I sent a copy of the foregoing agency protest, with any attachments, by E-mail on September 14, 2006, to Manuel F. Saenz, Major, USAF, Contracting Officer, at manuel.saenz@iraq.centcom.mil.

Daniel S Koch

Daniel S. Koch